# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DEION A. WHALEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:24-cv-00106-SEP |
| ) | |
| SOUTHEAST CORRECTIONAL ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff Deion A. Whalen's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2].  The application is granted, and for the reasons set forth below, the case is dismissed without prejudice.

## 28 U.S.C. § 1915(b)(1)

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) "the average monthly deposits to the prisoner's account," or (2) "the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."  28 U.S.C. § 1915(a)(2).  "After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  § 1915(b)(2).  "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."  *Id.*

Plaintiff filed an inmate account statement that shows an average monthly balance of $7.12, and an average monthly deposit of $7.50.  Therefore, the Court assesses an initial partial filing fee of $1.50, which is 20% of Plaintiff's average monthly deposit.

**FACTS AND BACKGROUND**

Plaintiff filed the Complaint under 42 U.S.C. § 1983 against the Southeast Correctional Center (SECC), SECC Warden Bill Stange, Functional Unit Managers Lorainne[1] Armstrong and Richard Trout, Correctional Case Manager Sophie Machen, and Correctional Security Officer Brandon Norfolk. *See* Doc. [1] at 2-4. Plaintiff identifies the individual Defendants as employees of the Missouri Department of Corrections (MDOC).

Plaintiff sues Stange, Trout, Machen, and Norfolk in their official and individual capacities. He does not specify the capacity in which he sues Armstrong, so the Court presumes he sues her only in her official capacity. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity") (quoting *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998)).

Plaintiff prepared the complaint using a Court-provided form with handwritten pages attached. He sets forth the following allegations against Defendants:

1. <u>Bill Stange</u>: On April 16, 2024, Stange "allowed his employees to fals[el]y write documents, [t]amper with [e]vidence." Doc. [1] at 11. He alleges that Stange "failed to report the harassment and discrim[]ination, and failed to protect me by him being [their] direct supervisor. He is liable for actions that they do." *Id.*

2. <u>Lorainne Armstrong</u>: On April 19, 2024, between 3:00 p.m. and 4:00 p.m., Plaintiff's "attorney legal call was violated. I was told I had no right to my attorney [privilege] phone call." *Id.* Plaintiff then alleges that while he "was on the phone with my lawyer the [c]ase managers, [f]unctional unit manager, and [c]orrectional officers were present." *Id.* On May 7, 2024, Plaintiff did not receive his legal mail at the time he signed for it. The mail was brought to him later that day and had been opened outside his presence.

3. <u>Richard Trout</u>: Trout failed to protect Plaintiff from "harassment and discrim[ination]," and "failed to report these incidents when they occur[r]ed. He is the direct supervisor so he is liable for every action the correctional officers and [c]ase man[a]gers [do] in his unit." *Id.*

---

[1] The Court uses the spelling that Plaintiff specifies in the complaint.

   4. <u>Sophie Machen</u>: "On March 14, 15, 2024, I was verbally har[]assed and discrim[in]ated against.  Also I was denied the right to send out legal mail and personal mail.  I was denied the grievance procedure and retali[a]ted against."  *Id.*

   5. <u>Brandon Norfolk</u>: "He fals[el]y wrote documents, tampered with evidence on 4-16-24.  He fals[el]y accused me of a crime and fals[el]y wrote documents to have me detained.  He violated my rights."  *Id.* at 12.

  Plaintiff states he has "suffered pain and suffering and cruel and unusual punishment," and he seeks an unspecified amount in damages.  *Id.*

  Attached to the Complaint is a copy of a set of instructions for filing § 1983 litigation in federal court.  *See* Doc. [1-3] at 1.  Among other things, it specifies that claims brought under § 1983 must be supported by facts showing how each named defendant was personally responsible for violating the plaintiff's rights.  *Id.*  It states that if a complaint does not make such factual allegations as to each defendant, it may be dismissed.  *Id.*

### LEGAL STANDARD ON INITIAL REVIEW

  Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  The court must "accept as true the facts alleged, but not legal conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'"  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court must accept factual allegations in the complaint as true, but is not required to "accept as true any 'legal conclusion couched as a factual allegation'") (quoting *Iqbal*, 556 U.S. at 678).

  When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court

3

should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).  Still, even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978).  Section 1983 creates no substantive rights; it provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see Albright v. Oliver*, 510 U.S. 266, 271 (1994).  To state a claim under § 1983, a plaintiff must establish:  (1) violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**I.      Plaintiff's claims against SECC are dismissed.**

Plaintiff has named the SECC as a defendant in this matter.  The SECC is a Missouri state prison, so Plaintiff's claims against it are treated as claims against the State of Missouri.  Those claims fail for two reasons.  First, the State of Missouri is not considered a "person" for purposes of a § 1983 suit, so Plaintiff is missing an essential element of a § 1983 claim. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983.").  Second, the Eleventh Amendment precludes suits against non-consenting states by the state's own citizens or citizens of other states. *See* U.S. Const. amend. XI; *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004).  Neither exception to sovereign immunity applies here because § 1983 does not revoke a state's Eleventh Amendment immunity, *see Will*, 491 U.S. at 66, and Missouri has not waived its sovereign immunity for this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect and providing exceptions).  As a result, Plaintiff's claims against the SECC are dismissed.

4

**II.      Plaintiff's official capacity claims are dismissed.**

"A suit against a public official in his or her official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)).  According to the Complaint, Stange, Armstrong, Trout, Machen, and Norfolk are employed by the MDOC, which is a state agency.  *See Walker v. Mo. Dep't of Corr*., 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as state agency).

The Eleventh Amendment bars suits for damages against, among others, state officials acting in their official capacities.  *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984). Additionally, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (citing *Will*, 491 U.S. at 71).  As a result, Plaintiff's official capacity claims against Stange, Armstrong, Trout, Machen, and Norfolk are dismissed.

**III.     Plaintiff's claims against Armstrong are dismissed.**

Plaintiff sues Armstrong in only her official capacity, so the dismissal of Plaintiff's official capacity claims effects the dismissal of Armstrong from this action entirely.  But even if Plaintiff had named Armstrong in her individual capacity, his claims would be dismissed.  To state a claim under § 1983, a plaintiff must plead that the government official defendant has personally violated his federally protected rights.  *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. 662, 676 (2009)).  "In requiring a plaintiff to allege that each defendant was personally involved in the deprivation of his constitutional rights, [courts] assess each defendant relative to his authority over the claimed constitutional violation." *Elder v. Gillespie*, 54 F.4th 1055, 1065 (8th Cir. 2022) (quoting *Jackson*, 747 F.3d at 543).  A supervisor can also be held liable if her failure to train or supervise an offending employee caused a constitutional violation, or if she was involved in "creating, applying, or interpreting a policy" that gave rise to unconstitutional conditions.  *Jackson*, 747 F.3d at 543.

The Complaint does not allege that Armstrong personally violated his rights or that she was aware of any instance in which his rights were violated.  Nor does the Complaint allege that Armstrong was involved in creating, implementing, or enforcing a policy that gave rise to unconstitutional conditions that harmed him.  He alleges no facts that would state a plausible claim premised upon a failure to train or supervise.  Instead, it appears Plaintiff proceeds against

5

Armstrong on a theory of respondeat superior.  Such claims are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

### IV.     **Plaintiff's individual capacity claims against Stange and Trout are dismissed.**

Plaintiff identifies Stange and Trout as direct supervisors, he asserts vague and conclusory allegations of constitutional violations committed by unnamed persons, and he alleges that Stange and Trout are liable for the actions of the wrongdoers.  As he did with Armstrong, Plaintiff fails to allege that Stange or Trout personally violated his rights or that either was aware of any instance in which his rights were violated.  Plaintiff also does not allege that Stange or Trout was involved in creating, implementing, or enforcing a policy that gave rise to unconstitutional conditions that harmed him, and he alleges no facts that could support a plausible claim of failure to train or supervise.  Instead, it appears Plaintiff proceeds against Stange and Trout on a theory of respondeat superior.  Such claims are not cognizable under § 1983.  *Boyd*, 47 F.3d 968.  Accordingly, those claims are dismissed.

### V.      **Plaintiff's individual capacity claims against Machen and Norfolk are dismissed.**

In the Complaint, Plaintiff lists each Defendants' name and alleges, in a conclusory manner, that his rights were violated.  Plaintiff alleges no facts from which the Court can discern a plausible claim for relief against Machen or Norfolk.  At best, Plaintiff's allegations against Machen and Norfolk are the type of "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true.  *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).  Plaintiff was not required to allege facts in painstaking detail, but he was required to allege sufficient facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  He failed to do so.  The Court-provided form on which Plaintiff filed his Complaint clearly instructed him to plead facts in support of his claims and state what each named Defendant personally did to cause him harm.  *See* Doc. [1] at 3.  Plaintiff also included with his Complaint a set of instructions that explained the need to allege facts in support of the claims asserted and warned that dismissal may result from the failure to do so.  There is no basis to conclude that Plaintiff was unaware of the obligation to plead such facts, and the Court will not assume facts he has not alleged.  *See Stone*, 364 F.3d at 914.  Having liberally construed Plaintiff's allegations against Machen and Norfolk, those claims are dismissed.

6

**CONCLUSION**

Because the Complaint fails to state a claim upon which relief may be granted, the case is dismissed without prejudice. Because there is no non-frivolous argument that Plaintiff's allegations stated a valid § 1983 claim against any of the named Defendants, an appeal would not be taken in good faith. Finally, the Court will deny as moot Plaintiff's motion seeking the appointment of counsel and his motion seeking to compel discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $1.50. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery, Doc. [8], is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of September, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE